UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEVER VIEW INVESTMENTS, LTD., et al.,

       Plaintiffs,

- against -

STEVEN L. OSHATZ, et al.,

       Defendants.

MEMORANDUM
OPINION & ORDER

05 Civ. 0067 (LAK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. BACKGROUND

Clever View Investments, Ltd., and Clever View USA, Inc. ("Clever View") brought suit against Steven L. Oshatz, Jerry Nagy, Rubber Doll, Inc., and R Doll, LLC (the "Oshatz defendants") for trademark infringement. The instant discovery dispute involves the reproduction of four metal drawers and twelve boxes of documents, for which defendants incurred a total of $15,181.73 in copying costs. Letter from Michelle Gitlitz Courtney, February 6, 2006 ("Oshatz Letter") at 1; Letter from Bing Li, July 18, 2005 ("Clever View Letter") at 1. The Oshatz defendants argue that Clever View, as the responding party, should pay the costs of production. Oshatz Letter at 1. Clever View argues that because they asked counsel for the Oshatz defendants to consider having access to the papers during the pendency of the lawsuit to avoid such costs, they should not now be required to pay. Clever View Letter at 1.

## II. DISCUSSION

Under federal law, the party responsible for production generally bears the cost. ***See* Zubulake v. UBS Warburg, LLC**, 216 F.R.D. 280, 283 (S.D.N.Y. 2003) (***citing*** Federal Rule of Civil Procedure ("FRCP") 26(b)(1) and (2)). Reproduction is not necessarily required,

however. "[A] party need only make requested documents available for inspection and copying; it need not pay copying costs." **Brassco, Inc. v. Klipo**, 2004 WL 1385816, at *5 (S.D.N.Y. June 21, 2004) (*citing* FRCP 34; **Dew v. 39th Street Realty**, 2001 WL 388053, at *1 (S.D.N.Y. Apr. 16, 2001) (allowing party to make original documents available for inspection, with any copying to be at adversary's expense). The law specifies the procedure to follow when a party believes it will be facing onerous production costs. "[T]he presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from undue burden or expense in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 358 (1978) (internal quotations omitted). The party moving for such an order bears the burden of proof to show "good cause" for shifting the cost to the requesting party. **Zubulake**, 216 F.R.D. at 283.

In this case, there is some dispute as to whether Clever View made the documents available in lieu of copying. Clever View asserts it made this clear when defendants' counsel came to review the documents but that when counsel left they said that their own (i.e., defendants') copying service would pick up the documents. Clever View Letter at 1. On the other hand, the Oshatz defendants state that counsel "made no representations that defendants could have any additional access to the documents," and that they were forced to copy the documents since counsel for Clever View would not allow them to take apart the files to copy particular relevant years. Oshatz Letter at 1.

Clever View also asserts that copying was unnecessary because the relevant information in the purchase orders contained in the files was available from invoices that were otherwise

being produced. Clever View Letter at 1. Additionally, Clever View produced a CD containing the purchase orders the company had issued to overseas vendors and all invoices to customers. **Id**. The Oshatz defendants, however, argue that the entire files, not just the purchase orders contained therein, are both relevant to this action and responsive to their specific document requests. Oshatz Letter at 2. In addition to the purchase orders and invoices which Clever View indicates were otherwise available, the files apparently also contain correspondence between Clever View and customers, spreadsheets summarizing customer orders, warehouse process requests and status reports, and weekly shipping schedules of goods. **Id**. Such documents are responsive to document requests numbers 3, 5-7, and 10-13. **Id**., Exh. B. They are also relevant to both the claims and counterclaims. This case appears to revolve around ownership of the Rubber Doll trademark and whether such ownership was vested in any particular party at the time that party produced goods under the name. *See* Clever View Letter at 3; Oshatz Letter at 2. Information demonstrating either parties' production and sale of goods is therefore relevant.

In a conference before the undersigned on July 15, 2005, the parties first raised the issue of the burden of the copying costs. The copying had already taken place. At that time, the factual dispute about whether Clever View had offered to make the documents available in lieu of copying was not apparent. Clever View did state that it had offered the CD containing the purchase orders. Consistent with the federal law requiring the producing party to bear the costs or make a motion for relief to the Court, I indicated that Clever View would be responsible for copying relevant documents. Therefore, to the extent that the Oshatz defendants have shown that the files did contain some relevant documents that were not otherwise available, Clever View must bear the burden of the reproduction,

3

However, it appears the Oshatz defendants misled Clever View by indicating their copy service would retrieve the documents, a statement which did not adequately clarify their position that reproduction was required and that Clever View should bear the cost. However inadvertent this was, the statement effectively deprived Clever View of an opportunity to raise the issue of burden with the Court before the copying took place. Clever View Letter at 4. Clever View has therefore met the "good cause" standard of FRCP 26(c) by demonstrating that at least some of the reproduction was unnecessary since much of the information in the files appears to have been available through other means. While the Oshatz defendants now argue that Clever View's counsel told them they could not take files apart and they were therefore forced to copy the files, if that were the case the solution should have been to seek assistance from the Court rather than engage in expensive reproduction and send the bill to Clever View without further discussion. Therefore, the Oshatz defendants must share some of the cost.

**IT IS HEREBY ORDERED THAT** Clever View pay sixty percent ($9,109.05) of the production costs and the Oshatz defendants pay forty percent ($6,072.70).

**SO ORDERED this 8th day of February 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**